IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL PUZEY,                    :
                                  :      Civil No. 1:14-CV-2305
         Petitioner               :
                                  :      (Judge Kane)
v.                                :
                                  :      (Magistrate Judge Carlson)
WARDEN, FCC ALLENWOOD,            :
                                  :
         Respondent               :

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

The petitioner in this case, Michael Puzey, was convicted in 2001 in the United

States District Court for the Northern District of West Virginia for federal drug

trafficking and firearms charges, and was sentenced to life imprisonment plus five

years.  (Doc. 1.)   According to Puzey, he never challenged this conviction and

sentence, either on direct appeal or through a motion to correct sentence pursuant to

28 U.S.C. §2255.  (Id.)  Instead, Puzey allowed some 14 years to pass before he filed

the instant federal habeas corpus petition, challenging his firearms conviction under

18 U.S.C. §924(c), and its accompanying consecutive five year sentence, arguing that

he was actually innocent of this offense as a result of the interpretation of §924(c)

adopted in 2007 by the United States Supreme Court in Watson v. United States, 552

U.S. 74 (2007).  On the basis of this assertion, Puzey seeks to use the general habeas corpus statute, 28 U.S.C. §2241, to challenge his conviction and sentence and bypass 28 U.S.C. §2255, the statute generally applicable to post-conviction petitions of this type.

Our screening review of this case leaves us convinced that this matter is not appropriately brought as a habeas petition under 28 U.S.C. § 2241, but rather should be addressed in the Northern District of West Virginia as a petition under 28 U.S.C. §2255.  Therefore, we recommend that this petition be transferred to the Northern District of West Virginia for consideration as a motion to correct sentence under 28 U.S.C. § 2255.

## II.   Discussion

### A.   This Petition Should Be Transferred to the Sentencing Court

In this case, we find that the petitioner has not made out a valid case for pursuing habeas relief in this district in lieu of a motion to correct sentence filed in the district of conviction under 28 U.S.C. § 2255.  This showing is a prerequisite for a successful habeas petition in this particular factual context.  Therefore, since the petitioner has not made a showing justifying habeas relief at this time, this petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  28 U.S.C. § 2254 (Rule 4 applies to

§ 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)").

Rule 4 provides in pertinent part:  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Summary dismissal of this habeas petition, which seeks to correct a federal prisoner's sentence, is appropriate here since it is well-settled that:  "[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a  sentence, is by way of a motion filed under 28 U.S.C. § 2255.  In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).  See also United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999) (stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255).  Indeed, it is now clearly established that Section 2255 specifically provides the remedy to federally-sentenced prisoners that

is the equivalent to the relief historically available under the habeas writ.  See Hill v. United States, 368 U.S. 424, 427 (1962) (stating, "it conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined").

Therefore, as a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction.  Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972).  Indeed it is clear that "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'"  Gomez v. Miner, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006) (quoting Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)) Instead, Section 2255 motions are now the exclusive means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack.  See Davis v. United States, 417 U.S. 333, 343 (1974).  Thus, federal inmates who wish to challenge the lawfulness of their sentences must typically file motions with the sentencing court under § 2255.

This general rule admits of only one, narrowly-tailored, exception, albeit an exception that the United States Court of Appeals for the Third Circuit has held has no application in these circumstances. A defendant is permitted to pursue relief under 28 U.S.C. § 2241 only where he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000) (recognizing availability of § 2241 in cases where petitioners have no other means of having claims heard). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 120 (3d Cir. 2002) (citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)). Accordingly, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539. Furthermore, if a petitioner improperly challenges a federal conviction or sentence

under § 2241, the petition must be dismissed for lack of jurisdiction.  Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In this case, the representations that the petitioner makes in his petition simply do not demonstrate that he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a motion under 28 U.S.C. § 2255 would be ineffective or inadequate.  None of the petitioner's claims fall within the narrow exception outlined in Dorsainvil, in which § 2241 relief could be available in lieu of a motion under 28 U.S.C. §2255.  In Dorsainvil, the Third Circuit held that § 2241 relief was available only in very narrow instances to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal.  Dorsainvil, 119 F.3d at 251.  Thus, to pursue a claim under §2241 one must, in essence, present an assertion of actual innocence due to an intervening change in the law.

In this regard:  "[i]t is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.  See Sawyer v. Whitley, 505 U.S. 333, 339 (1992)."  Bousley v. United States, 523 U.S. 614, 623-24(1998).  "To establish actual innocence, petitioner must demonstrate that, ' " 'in light of all the evidence," ' 'it is more likely than not that no reasonable juror would have convicted him.'  Schlup v. Delo, 513 U.S. 298, 327-328 (1995) (quoting Friendly, Is Innocence

Irrelevant?  Collateral Attack on Criminal Judgments, 38 U. Chi. L. Rev. 142, 160

(1970)).”  <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998).  Applying this

principle to claims made under <u>Dorsainvil</u>:

> [T]his Court would have jurisdiction over Petitioner's petition if, and
> only if, Petitioner demonstrates:  (1) his “actual innocence,” (2) as a
> result of a retroactive change in substantive law that negates the
> criminality of his conduct, (3) for which he had no other opportunity to
> seek judicial review.  <u>See Dorsainvil</u>, 119 F.3d at 251–52; <u>Cradle v. U.S.
> ex  rel. Miner</u>, 290 F.3d 536, 539 (3d Cir.2002); <u>Okereke v. United
> States</u>, 307 F.3d 117, 120 (3d Cir.2002).  A claim of “actual innocence”
> relates to innocence in fact, not innocence based on a legal, procedural
> defect.  A litigant must present evidence of innocence so compelling that
> it undermines the court's confidence in the trial's outcome of conviction;
> thus, permitting him to argue the merits of his claim.  A claim of actual
> innocence requires a petitioner to show:  (a) new reliable evidence not
> available for presentation at the time of the challenged trial; and (b) that
> it is more likely than not that no reasonable juror would have convicted
> the petitioner in the light of the new evidence.  <u>See</u> <u>House v. Bell</u>, 547
> U.S. 518, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006); <u>Schlup v. Delo</u>, 513
> U.S. 298, 324, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).
> Furthermore, the Supreme Court, in <u>House</u>, emphasized that the gateway
> standard for habeas review in claims asserting actual innocence is
> extremely demanding and permits review only in the “extraordinary”
> case.  <u>See</u> <u>House</u>, 547 U.S. at 536–37 (citing <u>Schlup</u>, 513 U.S. at 327).

<u>White v. Zickefoose</u>, CIV 10-0548 (RMB), 2010 WL 1050171 (D.N.J. Mar. 19,
2010).

In this regard Puzey’s claim, which involves the application of the  the United

States Supreme Court’s decision in <u>Watson v. United States</u>, 552 U.S. 74 (2007) to

his §924(c) conviction, has been held by the court of appeals not to be the type of

narrow claims where resort to the general federal habeas corpus statute is appropriate due to the ineffectiveness or unavailability of relief under 28 U.S.C. §2255. As the United States Court of Appeals for the Third Circuit has observed: "[e]ven if Watson negates [a petitioner's] firearms convictions, [the petitioner] had an earlier opportunity to challenge, . . . , his firearms convictions under Watson... . . . [The petitioner], therefore, does not fit within the narrow situation where a § 2255 motion would be inadequate or ineffective to challenge a conviction, and the District Court properly dismissed [the] § 2241 petition for lack of subject matter jurisdiction." Winkelman v. Quintana, 440 F. App'x 92, 93 94 (3d Cir. 2011). See Winkelman v. Longley, 462 F. App'x 181, 182 (3d Cir. 2012)(same).

Recognizing that this precise claim has been held by the court of appeals not to be appropriately brought before this Court under §2241, we acknowledge that the petition could be dismissed. In the alternative, the petition could be transferred to the Northern District of West Virginia, so the sentencing district court may consider this petition. Federal habeas corpus proceedings are essentially civil proceedings, and as such are governed by the statutes and rules which apply generally to civil litigation. Thus, such petitions are also subject to the general rules governing venue in civil litigation, including Title 28 U.S.C. § 1404(a), which states as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may

transfer any civil action to any other district of division where it might have been brought."

Adhering to this familiar principle, we note that when courts in this district have been confronted by habeas petitions, like the petition lodged here, which challenge aspects of a sentence imposed by another federal district court, they have often relied upon §1404 to order the transfer of the petition to the sentencing court for its consideration.  In reaching this result we have observed that:

> The Court may apply "traditional venue considerations," including convenience to the parties, where material events took place, and where records and witnesses pertinent to a petitioner's claim may be found, to habeas cases. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 493-94, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).  Indeed, this Court has followed this course of action in other cases where an inquiry into the sentencing court's intent was necessary to properly dispose of a petition. . . . .  See Argentina v. Sniezek, Civil No. 4:09-CV-0382, 2010 WL 2632561, at *2 (M.D.Pa. Jun.28, 2010) (Jones, J.); Gardner v. Williamson, Civil No. 3:07-CV-1788, 2008 WL 1752229, at *4 (M.D.Pa. April 14, 2008) (Munley, J.) (citing Verissimo v. INS, 204 F.Supp.2d 818, 820 (D.N.J.2002) (finding that "a habeas petition may be transferred to the district court of the state in which the petitioner was sentenced and convicted, even if the petitioner was transferred to prison in a different state."); Wilkins v. Erickson, 484 F.2d 969, 973 (8th Cir.1973) (allowing transfer of habeas corpus case from the District of South Dakota to the District of Montana because "Montana, the state of conviction and sentencing, is the most convenient forum because of the availability of witnesses and records.").).

Stover v. Sniezek, No. 1:10-CV-1213,  2010 WL 3220318, *4 (M.D.Pa. Aug. 12 2010)(Jones, J.); see, e.g., Argentina v. Sniezek, Civil No. 4:09-CV-0382, 2010 WL

2632561, *2 (M.D.Pa. Jun.28, 2010) (Jones, J.); <u>Gardner v. Williamson</u>, Civil No. 3:07-CV-1788, 2008 WL 1752229, *4 (M.D.Pa. April 14, 2008) (Munley, J.) Indeed, we note that such transfers have been routinely granted by the courts, when the interests of justice favor such a transfer.  <u>See e.g.</u>, <u>Garner v. Warden, FCI Schuylkill</u>, No. 1:15-CV-0130, 2015 WL 539840, at *1 (M.D. Pa. Feb. 10, 2015); <u>Brawner v. Thomas</u>, No. 1:14-CV-01489, 2014 WL 7139826, at *3 (M.D. Pa. Dec. 12, 2014); <u>Potocki v. Thomas</u>, No. CIV.A. 3:14-0906, 2014 WL 2214283, at *2 (M.D. Pa. May 28, 2014).

In this case, we conclude the prerequisites for a transfer of this matter to the Northern District of West Virginia pursuant to 28 U.S.C. §1404 are satisfied.  At the outset, it seems that the United States District Court for the Northern District of West Virginia is another district where these claim might have been brought through a motion under 28 U.S.C. §2255.  Therefore, venue over these claims lies in that district.  Indeed, that district is the most appropriate venue for this particular challenge to this conviction and sentence since it is the court where this case was originally tried.  Moreover, even if Puzey were to dispute that venue lies over this particular matter in the district of his conviction under §2255, we have been counseled by the court of appeals that: "We need not, however, be overly concerned with the limitations on transfer in section 1404(a), as we believe that there is at least

a plausible argument that if [Sepulveda] has no other remedy in the district of his

conviction and sentencing, the Court of Appeals . . .  would approve of the district

court's exercising jurisdiction under the All–Writs Act, 28 U.S.C. § 1651(a) to grant

him a writ of error coram nobis.  See United States v. Shamy, 886 F.2d 743 (4th

Cir.1989); United States v. Mandel, 862 F.2d 1067 (4th Cir.1988)." In re Nwanze,

242 F.3d 521, 526 (3d Cir. 2001).

It is also evident that the second prerequisite for a transfer order is present here:

A transfer of this action to the Northern District of West Virginia would serve:  "the

convenience of parties and witnesses, [and] the interest of justice."  28 U.S.C.

§1404(a).  As we have previously noted when transferring other petitions to the

sentencing district:

> Because the District Court . . . sentenced the petitioner, the events
> material to the case took place in that district.  In addition, the court in
> that district has access to the evidence that led the court to make its
> sentencing . . .determination and can best access any witnesses
> necessary to investigate the case.  The interests of judicial efficiency and
> economy would best be served by transferring the case to the
> [sentencing court].

Gardner v. Williamson, supra,  2008 WL 1752229, at *4.

Finally, we note that an order transferring this case to the sentencing district

for further proceedings also protects the petitioner's rights as a *pro se* litigant.  Such

a transfer order avoids any unintended prejudice to the petitioner which might flow from a dismissal of this action.  See Burnett v. New York Cent. R. Co., 380 U.S. 424, 430 (1965).  Moreover, addressing the question of venue in this fashion would not constitute a ruling on the merits of the petitioner's claims, thus assuring that the petitioner can have his case heard on its merits in the most appropriate forum.  See, 18 Wright, Miller & Cooper Federal Practice and Procedure, § 4436, at 338 (stating that "a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits") (footnote omitted).

In sum, Puzey invites this Court under the guise of a habeas petition to do something which the sentencing court should do in the first instance, that is, consider setting set aside his conviction and sentence.  We should decline this invitation, given that Puzey has not shown that § 2255 is inadequate or ineffective to test the legality of his conviction, and that the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.  Consequently, this Court should transfer this petition to the Northern District  of West Virginia pursuant to 28 U.S.C. § 1404, so that court may address these claims.

### III.   Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED, that this Court should GRANT Puzey's motion to amend his petition (Doc. 4.), but TRANSFER this petition to the Northern District of West Virginia pursuant to 28 U.S.C. § 1404, so that court may address Puzey's claims.

Petitioner is placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 13th day of May, 2015.

_**S/Martin C.  Carlson**_____
Martin C. Carlson

United States Magistrate Judge